**WO** SVK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tyerel Darnel Luke, | No. CV 10-1604-PHX-JAT (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Officer Urias, et al., | |
| Defendants. | |

Plaintiff Tyerel Darnel Luke brought this civil rights action under 42 U.S.C. § 1983 against Officers Urias, Nelson, Goodale, Buckles, and Sergeant McClellan of the Maricopa County Sheriff's Office. (Doc. 1.) Plaintiff moves for a preliminary injunction. (Doc. 23). Although Defendants have not responded, the Court finds that no response is necessary.

The Court will deny Plaintiff's motion.

## I.   Background

Plaintiff's claims arose during his confinement in the Lower Buckeye Jail. Plaintiff alleged that on February 26, 2009, he was assaulted in his cell by Urias, Nelson, and Goodale while McClellan and Buckles stood by and watched. (Doc. 1.) The Court screened the Complaint, found that it stated a claim for excessive force, and directed Defendants to answer. (Doc. 6.)

## II.   Motion for Preliminary Injunction

In his two-page motion for a preliminary injunction, Plaintiff asserts that he is suffering with mental health issues and is returning to the Lower Buckeye Jail from the

Fourth Avenue Jail. (Doc. 23 at 1.) He asks the Court to order that he has access to pencils, paper, and legal materials in his cell in the psychiatric ward to enable him to respond to the Court if his request for counsel is not granted. (Id.)

### III.    Legal Standard and Analysis

A preliminary injunction is an extraordinary and drastic remedy and "one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129-130 (2d ed. 1995)). An injunction may be granted only where the movant shows that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 374, 376 (2008); Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). The movant has the burden of proof on each element of the test. Environmental Council of Sacramento v. Slater, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000). In addition, a court may not issue an injunction against individuals who are not parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969).

The Prison Litigation Reform Act (PLRA) also imposes requirements on prisoner litigants who seek preliminary injunctive relief against prison officials. "Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Thus, § 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates; "no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." Gilmore v. People of the State of Cal., 220 F.3d 987, 999 (9th Cir. 2000).

The Court finds that Plaintiff has failed to demonstrate any of the elements necessary for a preliminary injunction. To meet the irreparable harm requirement, Plaintiff must do more than simply allege imminent harm; he must demonstrate it. Caribbean Marine Servs.

1 Co., Inc. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).  This requires Plaintiff to demonstrate by specific facts that there is a credible threat of immediate and irreparable harm. Fed. R. Civ. P. 65(b). Mere "[s]peculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Caribbean Marine, 844 F.2d at 674.

Here, Plaintiff does not present any specific facts regarding what items he is permitted to possess while in a psychiatric ward, if he has been denied access to the items that he wants, the availability of legal assistance while in a psychiatric ward, or a need to respond to a pending motion.  This is insufficient to meet the irreparable harm requirement. Consequently, Plaintiff cannot make the requisite showing for a preliminary injunction, and his motion will be denied. See Winter, 129 S. Ct. at 375 (movant must demonstrate that irreparable injury is likely without an injunction); Caribbean Marine, 844 F.2d at 674 (holding that the district court erred when it granted preliminary injunction where the plaintiffs did not show that the alleged harm was "imminent or likely").  In addition, there is no showing that the named Defendants have any involvement with the operation of the psychiatric ward.  See Zenith Radio Corp., 395 U.S. at 110.

Without the irreparable harm showing, an injunction is not warranted, and the Court need not address the remaining factors in the preliminary-injunction analysis.

**IT IS ORDERED that** the reference to the Magistrate Judge is **withdrawn** as to Plaintiff's Motion for Preliminary Injunction (Doc. 23) and the Motion is **denied**.

DATED this 16th day of March, 2011.

James A. Teilborg
United States District Judge